1  Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
(415) 882-7900
4  (415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8  UNITED STATES DISTRICT COURT

9  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  BAY AREA PAINTERS AND TAPERS
PENSION TRUST FUND, et al.,

Case No.:   C09-3212 MHP

11  **JUDGMENT PURSUANT TO
STIPULATION**

Plaintiffs,

12

v.

13

CRYSTAL NICOLE THOMAS, individually and
14  dba CALIFORNIA PROFESSIONAL PAINTING,

15  Defendant.

16

17

18       IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be

19  entered in the within action in favor of the Plaintiffs BAY AREA PAINTERS AND TAPERS

20  PENSION TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against

21  Defendant CRYSTAL NICOLE THOMAS, individually and doing business as CALIFORNIA

22  PROFESSIONAL PAINTING, or successor entities; ("Defendant"), as follows:

23       1.       Defendant entered into a valid Collective Bargaining Agreement with the

24  District Council 16 of the International Union of Painters and Allied Trades (hereinafter

25  "Bargaining Agreement").  This Bargaining Agreement has continued in full force and effect to

26  the present time.

27       2.       Defendant has become indebted to the Trust Funds as follows:

28

P:\CLIENTS\PATCL\CALPRO2\Pleadings\Complaint 071309\C09-3212 MHP - Judgment Pursuant to Stipulation 041210.doc

| | | | |
|---|---|---|---|
| November 2009 | Contributions | $4,253.75 | |
| | 20% Liquidated Damages | $850.75 | |
| | 5% Interest (through 4/12/10) | $59.44 | |
| | | | $5,163.94 |
| December 2009 | Contributions | $4,108.50 | |
| | 20% Liquidated Damages | $821.70 | |
| | 5% Interest (through 4/12/10) | $39.96 | |
| | | | $4,970.16 |
| January 2010 | Contributions | $4,250.00 | |
| | 20% Liquidated Damages | $850.00 | |
| | 5% Interest (through 4/12/10) | $25.03 | |
| | | | $5,125.03 |
| February 2010 | Contributions | $8,351.25 | |
| | 20% Liquidated Damages | $1,670.25 | |
| | 5% Interest (through 4/12/10) | $13.73 | |
| | | | $10,035.23 |
| **SUB-TOTAL** | | | **$25,294.36** |
| Attorneys' Fees (12/16/08 – 4/8/10) | | | $5,251.00 |
| Costs (12/16/08 – 10/29/09) | | | $626.92 |
| April 5, 2010 Payment | | | ($5,200.00) |
| **TOTAL** | | | **$25,972.28** |

3.      Defendant shall pay the amount of **$25,972.28**, representing all above amounts, as follows:

(a)      On or before April 20th, 2010, and no later than the 20th day of each month thereafter for a period of twelve (12) months, through and including March 20, 2011, Defendant shall pay to Plaintiffs the amount of **$2,194.00**;

(b)      These payments may be made by joint check to Defendant and Plaintiffs' Trust Funds, and if so, shall be endorsed prior to submission;

(c)      Defendant shall have the right to increase the monthly payments at any time, without penalty;

(d)      Payments shall be applied first to unpaid interest and then to unpaid principal.  The unpaid principal balance shall bear interest at the rate of 5% per annum in accordance with Plaintiffs' Trust Agreements;

1    (e)    Payments shall be made payable to the "*Bay Area Painters and Tapers*

2  *Trust Funds*" and delivered to Michele R. Stafford at Saltzman & Johnson Law Corporation, 44

3  Montgomery Street, Suite 2110, San Francisco, California  94104, **to be received on or before**

4  **the 20th day of each month**, or to such other address as may be specified by Plaintiffs.

5    4.    An audit of Defendant's records has occurred in this matter, but the report has not

6  been completed to date.  The completed report, in draft form, will be sent to Defendant for review.

7  Defendant will be provided with ten (10) days in which to review the audit, and provide evidence

8  to contest the findings in the event that Defendant does not agree with the total found due.

9    Once the report is finalized, in the event that amounts are found due, all such amounts will

10  become part of this Judgment.  In the event that this occurs, Defendant has the right to request that

11  the term of the payment plan be extended until all amounts are paid in full.

12    5.    Beginning with contributions due for hours worked by Defendant's employees

13  during the month of March 2010, to be postmarked no later than April 15, 2010 and delinquent if

14  not received by April 30, 2010, and for every month thereafter, Defendant **shall remain current**

15  **in reporting and payment of any contributions** due to Plaintiffs under the current Collective

16  Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and

17  the Declarations of Trust as amended.  **Defendant shall fax a copy of the contribution report**

18  **for each month, together with a copy of that payment check, to Michele R. Stafford at 415-**

19  **882-9287, prior to sending the payment to the Trust Fund office.   To the extent that**

20  **Defendant is working on a Public Works job, or any other job for which Certified Payroll**

21  **Reports are required, copies of said Reports will be faxed to Michele R. Stafford,**

22  **concurrently with their submission to the general contractor, owner or other reporting**

23  **agency**.

24    6.    Failure by Defendant to remain current in reporting or payment of contributions

25  shall constitute a default of the obligations under this agreement.  Any such unpaid or late paid

26  contributions, together with 20% liquidated damages and 5% per annum interest accrued on

27  contributions, shall be added to and become a part of this Judgment and subject to the terms

28

P:\CLIENTS\PATCL\CALPRO2\Pleadings\Complaint 071309\C09-3212 MHP - Judgment Pursuant to Stipulation 041210.doc

herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto.  Defendant specifically waives the defense of the doctrine res judicata as to any such additional amounts determined as due.

7.     Defendant shall make full disclosure of all jobs on which they are working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, name and address of job, general contractor, certified payroll if a public works job, and period. **Defendant shall fax said updated list each month together with the contribution report (as required by this Stipulation) to Michele R. Stafford at 415-882-9287.**  This requirement remains in full force and effect regardless of whether or not Defendant has ongoing work. In this event, Defendant shall submit a statement stating that there are no current jobs.

8.     Crystal Nicole Thomas acknowledges that she is the Sole Owner of CALIFORNIA PROFESSIONAL PAINTING, and that she specifically consents to the Court's jurisdiction as well as the use of a Magistrate Judge for all proceedings herein.  Ms. Thomas also confirms that she is personally guaranteeing the amounts due pursuant to the terms of this Stipulation and further acknowledges that all affiliates, related entities and successors in interest to CALIFORNIA PROFESSIONAL PAINTING and/or any subsequent entity wherein Ms. Thomas is a principal shall also be bound by the terms of this Stipulation as Guarantors, and also consents to this Court's jurisdiction as well as the use of a Magistrate Judge.

9.     In the event that any check is not timely submitted or submitted by Defendant but fails to clear the bank, or is unable to be negotiated for any reason for which Defendant is responsible, this shall be considered to be a default on the Judgment entered.  If Defendant fails to submit its contribution reports, certified payroll reports (if any) and job lists or fails to comply with *any* of the terms of the Stipulation herein, this too shall constitute a default.

P:\CLIENTS\PATCL\CALPRO2\Pleadings\Complaint 071309\C09-3212 MHP - Judgment Pursuant to Stipulation 041210.doc

1      If a default occurs, Plaintiffs shall make a written demand, sent via email and/or facsimile

2 to Defendant to cure said default.  Default will only be cured by the issuance of a replacement,

3 cashier's check if the default is caused by a failed check, or at the request of Plaintiffs, to be

4 delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the

5 notice from Plaintiffs.  If Defendant elects to cure said default, and Plaintiffs elect to accept future

6 payments, all such payments shall be made by cashier's check if the default is caused by a failed

7 check or upon request by Plaintiffs.

8      10.    In the event the default is not cured, all amounts remaining due hereunder, as well

9 as any additional amounts due pursuant to the terms herein, shall be due and payable on demand

10 by Plaintiffs as follows:

11      (a)    The entire amount of **$25,972.28** plus interest, reduced by principal

12 payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20%

13 liquidated damages and 5% per annum interest thereon, shall be immediately due, together with

14 any additional attorneys' fees and costs and other amounts due herein;

15      (b)    A writ of execution may be obtained against Defendant without further

16 notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein,

17 upon declaration of a duly authorized representative of the Plaintiffs setting forth any payment

18 theretofore made by or on behalf of Defendant and the balance due and owing as of the date of

19 default.  Defendant specifically consents to the authority of a Magistrate Judge for all proceedings,

20 including, but not limited to, Plaintiffs' obtaining a writ of execution;

21      (c)    Defendant waives notice of entry of judgment and expressly waives all

22 rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized

23 representative of Plaintiffs as to the balance due and owing as of the date of default shall be

24 sufficient to secure the issuance of a writ of execution;

25      (d)    Defendant shall pay all additional costs and attorneys' fees incurred by

26 Plaintiffs in connection with collection and allocation of the amounts owed by Defendant to

27 Plaintiffs under this Stipulation, regardless of whether or not there is a default herein.

28

11.     Any failure on the part of the Plaintiffs to take any action against Defendant as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant of any provisions herein.

12.     In the event of the filing of a bankruptcy petition by Defendant, the parties agree that any payments made by Defendant pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant as a preference under 11 U.S.C. Section 547 or otherwise. Defendant nevertheless represents that no bankruptcy filing is anticipated.

13.     Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

14.     This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant to the Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any.  Defendant acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the law.

15.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

16.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

/ / /

/ / /

/ / /

/ / /

17.     All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily.

Dated: May 8, 2010                          **CRYSTAL NICOLE THOMAS, individually and *dba* CALIFORNIA PROFESSIONAL PAINTING**


By: _____/s/_____
Crystal Nicole Thomas

Dated: May 11, 2010                         SALTZMAN & JOHNSON
LAW CORPORATION


By: _____/s/_____
Michele R. Stafford
Attorneys for Plaintiffs

**IT IS SO ORDERED**

Dated: _ May 12 _____, 2010

_____
UNITED STATES DISTRICT COURT JUDGE

IT IS SO ORDERED

Judge Marilyn H. Patel

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

-7-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C09-3212 MHP**